*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HANNAH GARDNER,

      Plaintiff-Appellant,

v

CARROLS CORPORATION,

      Defendant-Appellee,

and

JOHN DOE and REALTY INCOME PROPERTIES 17 LLC,

      Defendants.

UNPUBLISHED
March 17, 2026
9:16 AM

No. 375490
Macomb Circuit Court
LC No. 2024-002194-NO

Before: PATEL, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Plaintiff ate a hamburger purchased from defendants' Burger King location. Several hours later, plaintiff experienced abdominal pain, and a day and a half later, she underwent surgery, resulting in a three-centimeter long piece of wire being removed from her small intestine. Plaintiff sued defendants, claiming that she ingested the wire while consuming the hamburger. Defendants moved for summary disposition, and the trial court granted defendants' motion, finding that plaintiff's claims were speculative and plaintiff failed to demonstrate causation. We affirm.

## I. BACKGROUND

Plaintiff ate the hamburger in the afternoon on Friday, March 3, 2023. She experienced abdominal pain later that night and had surgery to remove the wire on the morning of Sunday, March 5, 2023. After the wire was removed, plaintiff's mother visited the Burger King location where the hamburger was purchased and spoke with an employee about the wire. This employee allegedly told plaintiff's mother that the wire resembled a metal-wire brush that employees used.

-1-

Plaintiff sued defendants[1] alleging negligence, a breach of implied warranty, and a violation of MCL 289.5101 (prohibited acts of the Food Law).

During discovery, the doctor who removed the wire from plaintiff was deposed. The doctor testified that, based on the inflammatory response of the tissue, the wire perforated plaintiff's small intestine for at least 48 hours before being removed: "But the one thing that I can think that I could say for sure is that [the wire] had been at that area of the small bowel for at least a couple of days." The doctor also noted that if the wire had been ingested, it could have been inside plaintiff for a couple of hours before perforating, or even a couple of years, but it was unlikely that plaintiff ingested the wire on a Friday afternoon and presented such an inflammatory response on a Sunday morning. In addition to the doctor's testimony, plaintiff also testified about her experience eating the hamburger, including one large bite that was difficult to swallow, but plaintiff did not taste, feel, or see any metal.

Defendants moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff failed to demonstrate causation and that her claims were speculative, relying primarily on the doctor's testimony and uncertainty in the timing of the wire's course and inflammation. Plaintiff responded that her claims were a reasonable and logical conclusion from the evidence she presented and that defendants failed to preserve and produce evidence, specifically the metal brushes. The trial court ultimately granted summary disposition, finding plaintiff's theory was "pure speculation" because the doctor's testimony indicated that plaintiff's theory was not possible, and plaintiff failed to present medical testimony to show otherwise. Plaintiff now appeals.

## II. ANALYSIS

Plaintiff argues on appeal that the trial court erred when it granted defendants' motion for summary disposition. We review de novo the trial court's decision on a motion for summary disposition. *BC Tile & Marble Co v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). A motion for summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of a claim," *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019), and a court must consider any "affidavits, pleadings, depositions, admissions, and other evidence" in the light most favorable to plaintiff, *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). To grant the motion, there must have been no genuine issue as to any material fact and defendants must have been entitled to judgment as a matter of law. MCR 2.116(C)(10). "A genuine issue of material fact exists when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 493 (2017) (cleaned up).

For plaintiff's first cause of action, negligence, plaintiff must show that defendants owed her a duty, defendants breached that duty, and the breach caused plaintiff's harm. *Marion v Grand*

---

[1] Realty Income Properties LLC was dismissed as a party by stipulation, and John Doe is not a party in this appeal.

*Trunk Western R Co*, 513 Mich 220, 226-227; 15 NW3d 180 (2024). Although the courts typically decide questions of duty, the jury typically decides whether there is causation and a breach of the standard of care, including the following:

> whether defendants' conduct in the particular case is below the general standard of care, including—unless the court is of the opinion that all reasonable persons would agree . . . whether in the particular case the risk of harm created by the defendants' conduct is or is not reasonable. [*Rowland v Independence Village of Oxford, LLC*, 509 Mich 992; 974 NW2d 228 (2022) (cleaned up).]

And yet, although a factual question, if there is no genuine issue of material fact on causation, then summary disposition can be granted as a matter of law. See *Dykes v William Beaumont Hosp*, 246 Mich App 471, 479; 633 NW2d 440 (2001). For causation, plaintiff must show both factual causation (plaintiff's injury would not have occurred but for defendants' actions) and proximate cause (defendants should be held legally responsible for foreseeable consequences). *Ray v Swager*, 501 Mich 52, 63-64; 903 NW2d 366 (2017).

Plaintiff argues that the trial court erred by weighing evidence and making credibility determinations in regard to her negligence claim. For a motion for summary disposition under MCR 2.116(C)(10), the trial court "is not permitted to assess credibility, weigh the evidence, or resolve factual disputes," and if the trial court finds that material evidence conflicts, then it should not grant the motion. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). Further, plaintiff argues that the trial court erred when it determined plaintiff's claim was speculative and there was no causal link between her injury and defendants' actions.

Although a plaintiff can establish factual causation with circumstantial evidence, such evidence must support "reasonable inferences of causation, not mere speculation." *Powell-Murphy v Revitalizing Auto Communities Environmental Response Trust*, 333 Mich App 234, 246; 964 NW2d 50 (2020) (cleaned up). "The mere possibility of causation is insufficient to survive summary disposition." *Id.* Instead, plaintiff "must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Skinner v Square D Co*, 445 Mich 153, 164-165; 516 NW2d 475 (1994).

Here, plaintiff did not offer evidence sufficient to show a genuine question on causation. Plaintiff may have provided sufficient evidence to establish a question of fact regarding the use of metal brushes at defendants' restaurant, but the evidence did not support an inference that the use of the metal brushes caused a contaminated wire to be located in the hamburger that plaintiff ate. The doctor who removed the wire testified that the inflammatory response that plaintiff experienced required more than 48 hours to develop and that the wire could have been inside plaintiff for several years. He also testified that he could not determine when exactly the wire was ingested, and although he noted that plaintiff's theory that the wire "could have originated from a brush seemed reasonable, just by the shape of it," he also stated that the timeframe of her theory was unlikely and agreed that "it's speculation" that the wire came from a brush at defendants' restaurant. Plaintiff did not provide any other medical evidence to rebut or reframe this evidence or establish the time when she ingested the wire. Further, plaintiff herself testified that she did not feel or taste metal while eating, and the only difficulty she experienced was discomfort when she swallowed a large bite.

Plaintiff did not demonstrate that her theory of negligence was anything more than mere speculation. Plaintiff presented no evidence—direct or circumstantial—that the wire removed from plaintiff was contained in the hamburger she ate from defendants' restaurant. See *Powell-Murphy*, 333 Mich App at 246. Thus, the trial court did not err when granting summary disposition on plaintiff's negligence claim.

The trial court also did not err when granting summary disposition on plaintiff's other claims of implied warranty and adulterated food under MCL 289.5101. For her implied warranty claim, plaintiff had to show that the goods were defective when they left defendants' possession as the seller. *Computer Network, Inc v AM Gen Corp*, 265 Mich App 309, 316; 696 NW2d 49 (2005). And for MCL 289.5101, plaintiff had to show that defendants adulterated the food. As already explained, there was no evidence that the hamburger that plaintiff ate was defective or adulterated. The doctor's testimony did not establish a link between the wire removed and plaintiff's consumption of the hamburger. Plaintiff's testimony about her experience eating the hamburger did not create a question of fact that the food contained the wire. Plaintiff failed to present sufficient evidence establishing a defect or flaw in the hamburger to survive summary disposition.

Finally, as to her argument regarding spoliation of evidence, specifically wire brushes purportedly used at defendants' restaurant, we need not reach it on appeal. Regardless of whether such brushes existed, plaintiff failed to make the causal link between the brushes and the wire removed from her small intestine.

### III. CONCLUSION

Although plaintiff's theory is not fanciful, she failed to present evidence to show a genuine issue of material fact regarding but-for causation—namely, that her consumption of the hamburger resulted in the wire in her body. Therefore, the trial court did not err when it granted summary disposition under MCR 2.116(C)(10) and dismissed plaintiff's case.

Affirmed.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Philip P. Mariani